**IT IS ORDERED as set forth below:**



Date: April 18, 2022

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| | : CASE NO. **21-53275-PMB** |
| **SE CHOL CHANG**, | : |
| | : CHAPTER 7 |
| Debtor. | : |
| | : |
| **JORDAN LUBIN, Chapter 7 Trustee** | : |
| **of the Bankruptcy Estate of Se Chol Chang,** | : |
| | : |
| Plaintiff, | : |
| | : ADVERSARY PROCEEDING |
| v. | : |
| | : NO. **21-5115** |
| **SE CHOL CHANG,** | : |
| | : |
| Defendant. | : |

## ORDER DENYING DEBTOR'S MOTION
## TO DISMISS ADVERSARY COMPLAINT

Before the Court is the *Notice Of Motion And Motion To Dismiss Adversary Complaint Objecting To Discharge Under Section 727; And Memorandum Of Points And Authorities* (Docket

No. 8)(the "Motion to Dismiss") filed by the Defendant-Debtor Se Chol Chang (the "Defendant" or the "Debtor"), who is *pro se*, on February 14, 2022, under Federal Rule of Civil Procedure ("Rule") 12(b)(6), applicable herein through Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012(b). Jordan E. Lubin, Chapter 7 Trustee of the Bankruptcy Estate of Se Chol Chang, Plaintiff named above (the "Plaintiff" or the "Trustee"), initiated this Adversary Proceeding (the "Adversary Proceeding") against the Debtor through the filing of a *Complaint Objecting To Discharge Pursuant To 11 U.S.C. § 727(a)(6)* herein on November 11, 2021 (Docket No. 1)(the "Complaint").[1] The Debtor filed an *Answer to Plaintiff's Complaint and Affirmative Defenses* on December 15, 2021 (Adversary Docket No. 5)(the "Answer"). The Trustee filed his *Response in Opposition to Motion to Dismiss* on February 28, 2022 (Docket No. 10)(the "Trustee's Response").[2]

In the Complaint, the Trustee objects to the discharge of the Debtor under 11 U.S.C. § 727(a)(6) on grounds that the Debtor has refused to obey lawful orders of this Court. Specifically, the Trustee seeks this relief based on the Debtor's alleged failure to file the required documents in this case as directed by the Court and to attend his Section 341(a) Meeting of Creditors as rescheduled several times. In support of the relief sought in the Complaint, the Trustee alleges the Debtor has refused to comply with two (2) separate Court Orders as follows:

---

[1] The Debtor commenced this case under Chapter 7 of the Bankruptcy Code by filing a voluntary petition for relief on April 26, 2021 (Main Case Docket No. 1).

[2] The Trustee filed the *Trustee's Report of Attempted Rule 26(f) And 7016-1 Conference* on February 16, 2022 (Adversary Docket No. 9)(the "Rule 26(f) Report"). The Court entered an *Order On Rule 26(f) Report* on March 4, 2022 (Adversary Docket No. 11)(the "Scheduling Order") after the Debtor failed to respond to the Rule 26(f) Report.

(1) *Order Setting Deadlines for Debtor to Correct Filing Deficiencies* entered on April 27, 2021 (Main Case Docket No. 6)(the "Deadline Order"), that directed the Debtor to file the Schedules, Statements, Disclosures, and Pay Advices as required under 11 U.S.C. § 521(a) by May 10, 2021 and the Statement of Intention required under 11 U.S.C. § 521(i)(collectively, the "Section 521 Required Documents") by May 26, 2021 (the "Section 521 Deadline"); and

(2) *Order Compelling Debtor to Perform his Duties and Cooperate with the Chapter 7 Trustee* entered July 9, 2021 (Main Case Docket No. 33)(the "Order Compelling Performance")(collectively, with the Deadline Order, the "Orders"), that required the Debtor to (a) file the Section 521 Required Documents within fourteen (14) days of the entry of the Order Compelling Performance, and (b) appear at the Section 341(a) Meeting of Creditors scheduled for July 28, 2021.

## *Standard of Review and Procedural Posture*

In the Motion to Dismiss, the Debtor argues for dismissal of the Complaint based on Rule 12(b)(6), which states that dismissal of a complaint is appropriate if the complaint fails "to state a claim upon which relief can be granted." Because the Debtor has already filed his Answer in response to the Complaint, however, the Motion to Dismiss will be treated as a motion for judgment on the pleadings pursuant to Rule 12(c), which is evaluated under the same standard of review as a motion to dismiss for failure to state a claim. *See* Fed.R.Civ.P. 12(b); *see also United States v. Georgia*, 2021 WL 5833000, at *2 (N.D. Ga. Dec. 9, 2021); *Durabla Mfg. Co. v. Goodyear Tire and Rubber Co.*, 992 F. Supp. 657 (S.D.N.Y. 1998).[3] Rule 12(b)(6) is viewed

---

[3] Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c).

through the lens of Rule 8(a), made applicable herein through Bankruptcy Rule 7008, which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2). Under this standard, "to survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative level.'"[4] When considering a motion to dismiss, the inquiry is limited to the legal feasibility of the allegations stated in the complaint and whether they set forth facts as distinguished from labels or mere conclusory statements. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, *supra*, 556 U.S. at 679. Dismissal is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Similarly, when reviewing a motion for judgment on the pleadings, the court accepts all well-pleaded facts as true and views them in the light most favorable to the nonmoving party opposing the entry of judgment. *Cannon v. City of West Palm Beach,* 250 F.3d 1299, 1301 (11th Cir. 2001), cited in *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). *See also* Fed.R.Civ.P. 12(c), applicable herein through Fed.R.Bankr.P. 7012(b). On review of the substance of the pleadings, if the court determines the party asserting the claims "would not be entitled to relief

---

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), *quoted in Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp.2d 1361, 1364 (S.D. Fla. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

under any set of facts that could be proved consistent with the allegations" the claims should be dismissed. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

Here, the Debtor further asserts that the Motion to Dismiss is more properly considered as a motion for summary judgment because the Complaint refers to the Orders which are outside of the pleadings "made in previous proceedings upon which the Plaintiff seeks relief…." Motion to Dismiss, p. 5; *see* Fed.R.Civ.P. 12(d). As such, the Court should either exclude them or treat the Motion to Dismiss as a motion for summary judgment under Rule 56.

In response to this assertion, the Trustee counters that the Court may review documents incorporated by reference as well as matters subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). In accordance with Federal Rule of Evidence 201(b), applicable through Bankruptcy Rule 9017, a court is allowed "to take judicial notice of its own docket and the contents of documents filed in the case and may do so without converting a motion to dismiss into a motion for summary judgment." Trustee's Response, p. 4, citing *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987). In this case, since the Orders appear on the Court's docket, the Trustee urges that they may be reviewed herein without converting the Motion to Dismiss to a motion for summary judgment as the Debtor contends.

On a motion to dismiss, a court is generally limited in its review to what is alleged "'within the four corners of the complaint.'" *Hayes v. U.S. Bank Nat'l Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016)(quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006)). If matters outside the complaint are considered, the court "must convert the motion to dismiss into one for summary judgment." *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir.

5

1985)(quoted in *United States v. Georgia*, *supra*, 2021 WL 5833000, at *2 n. 2).  However, a court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.  *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999).  Further, "'where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim,'" the documents may be considered in connection with a motion for dismissal under Rule 12(b)(6).  *Bickley, supra*, 461 F.3d at 1329 n. 7 (quoting *Brooks v. Blue Cross & Blue Shield, Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997)).

Judicial notice of certain documents has been held appropriate when they were "public records '"not subject to reasonable dispute"' because they were '"capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned."'  *Horne v. Potter*, *supra*, 392 F. App'x at 802, citing Fed.R.Evid. 201(b); *see also Universal Express, Inc. v. U.S. S.E.C.,* 177 F. App'x 52, 53 (11th Cir. 2006)(per curiam)(citing *Stahl v. U.S. Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003)); *Bryant, supra*, 187 F.3d at 1278.[5]  In this case, the Orders on which the Trustee relies as central to his claim were entered in the Debtor's pending underlying bankruptcy case and are accessible on this Court's public docket.  The Debtor has not otherwise disputed the fact of the entry of the Orders on the docket by the Clerk of this Court, their authenticity, or the accuracy of their contents as represented and specifically referenced by the Trustee in his pleading.  Hence, the Orders may be considered in connection with the Motion to Dismiss without converting it to a motion for summary judgment.

---

[5] *See also Freeport Title & Guarantee Inc. Tr. v. JP Morgan Chase Bank, N.A.*, 2017 WL 11113674, at *3 (N.D. Ga. July 7, 2017), *report and recommendation adopted sub nom., Freeport Title & Guarantee Inc. v. JP Morgan Chase Bank, N.A.*, 2017 WL 11125822 (N.D. Ga. July 25, 2017)(discussing instances where judicial notice is allowed).

6

### *Discussion*

Under Section 727(a)(6), a creditor objecting to a debtor's discharge bears the initial burden of proof and must show as follows:

(a) The court shall grant the debtor a discharge, unless—

…

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify….

11 U.S.C. § 727(a)(6). To present a proper claim under Section 727(a)(6)(A), sufficient facts must be alleged to establish that the debtor "willfully and intentionally refused to obey a court order." *Crowder v. Wilbur (In re Wilbur)*, 574 B.R. 782, 798–99 (Bankr. N.D. Ga. 2017)(quoting *The Cadle Co. v. Parks–Matos (In re Matos)*, 267 F. App'x 884, 886 (11th Cir. 2008))(citing *Farouki v. Emirates Bank Int'l, Ltd.*, 12 F.3d 244, 249 (4th Cir. 1994)). "'[A] mere failure to obey the order, resulting from inadvertence, mistake, or inability to comply, is insufficient'" to prove a refusal to obey as the plaintiff "'must demonstrate some degree of volition or willfulness on the part of the debtor." *Id.* This burden can be satisfied through evidence that the debtor received the subject order but did not comply with its direction. *See Smith v. Jordan (In re*

*Jordan)*, 521 F.3d 430, 433 (4th Cir. 2008)(citations omitted).  At that point, the debtor must then explain his noncompliance with the order.

Here, the Trustee alleges that the Debtor did not file the Section 521 Required Documents by the Section 521 Deadline nor ask for an extension of the Section 521 Deadline.  The Debtor also did not appear at the Section 341(a) Meeting of Creditors scheduled for May 25, 2021, or as reset to June 16, 2021.  The Trustee further alleges that the Debtor did not file the Section 521 Required Documents as directed and did not appear at the Section 341(a) Meeting of Creditors scheduled for July 28, 2021, as required by the Order Compelling Performance.  The Debtor also did not appear at Section 341(a) Meeting of Creditors as reset to August 18, 2021, September 10, 2021, October 12, 2021, and November 3, 2021.  To date, no explanation has been offered.  For these reasons, the Trustee alleges the Debtor has refused to obey Orders of this Court.

With regard to the Debtor's assertion that the "claimed disobediences are orders to respond to material question or to testify" (Motion to Dismiss, p. 6), as the Trustee rightly argues, the Court's direction to the Debtor to provide the Section 521 Required Documents directly concerns the Debtor's duties as a debtor under the Bankruptcy Code to fully disclose his property, liabilities, and financial transactions.  Further, to the extent directing the Debtor to attend his Section 341 Meeting of Creditors could be construed as a direction to testify, the Debtor has not claimed any ground of privilege.

### *Conclusion*

In light of the foregoing, the Trustee has set forth a plausible claim for an objection to discharge in the Complaint on the grounds alleged under 11 U.S.C. 727(a)(6), and it is

**ORDERED** that the Motion to Dismiss is **DENIED**.

The parties shall proceed in accordance with the Scheduling Order.

The Clerk is directed to serve a copy of this Order upon the Debtor, the Chapter 7 Trustee, counsel for the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**