**IT IS ORDERED as set forth below:**



Date: June 1, 2022

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| | : CASE NO. **21-53275-PMB** |
| **SE CHOL CHANG**, | : |
| | : CHAPTER 7 |
| Debtor. | : |
| | : |
| **JORDAN LUBIN, Chapter 7 Trustee** | : |
| **of the Bankruptcy Estate of Se Chol Chang,** | : |
| | : |
| Plaintiff, | : |
| | : ADVERSARY PROCEEDING |
| v. | : |
| | : NO. **21-5115** |
| **SE CHOL CHANG,** | : |
| | : |
| Defendant. | : |

**ORDER GRANTING PLAINTIFF'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Before the Court is the *Plaintiff's Motion for Summary Judgment*, filed by Jordan E. Lubin,

Chapter 7 Trustee of the Bankruptcy Estate of Se Chol Chang, Plaintiff named above (the

"Plaintiff" or the "Trustee"), on May 3, 2022 (the "Trustee's Motion"), along with a *Declaration Pursuant to 28 U.S.C. § 1746 of Jordan E. Lubin* (the "Trustee's Declaration"), *Statement of Material Facts Not in Dispute* (the "Trustee's Statement of Undisputed Facts"), *Brief in Support of Plaintiff's Motion for Summary Judgment* (the "Trustee's Brief"), *Request to Take Judicial Notice* (the "Request for Judicial Notice"), and *Certificate of Service* (Docket No. 15)(collectively, the "Trustee's Motion for Summary Judgment"). The Trustee initiated this Adversary Proceeding (the "Adversary Proceeding") against the Defendant-Debtor Se Chol Chang (the "Defendant" or the "Debtor"),[1] who is *pro se*, through the filing of a *Complaint Objecting To Discharge Pursuant To 11 U.S.C. § 727(a)(6)* herein on November 11, 2021 (Adversary Docket No. 1)(the "Complaint"). The Debtor filed an *Answer to Plaintiff's Complaint and Affirmative Defenses* on December 15, 2021 (Docket No. 5)(the "Answer").[2] To date, the Debtor has not responded to the Trustee's Motion for Summary Judgment. (Docket, *passim*).

In the Complaint, the Trustee objects to the discharge of the Debtor under 11 U.S.C. § 727(a)(6) on grounds that the Debtor has refused to obey lawful orders of this Court entered in this bankruptcy case.[3] Specifically, the Trustee seeks relief due to the Debtor's alleged failure to

---

[1] The Debtor commenced this case under Chapter 7 of the Bankruptcy Code by filing a voluntary petition for relief on April 26, 2021 (Main Case Docket No. 1).

[2] The Trustee filed the *Trustee's Report of Attempted Rule 26(f) And 7016-1 Conference* on February 16, 2022 (Docket No. 9)(the "Rule 26(f) Report"). The Court entered an *Order On Rule 26(f) Report* on March 4, 2022 (Docket No. 11)(the "Scheduling Order") after the Debtor failed to respond to the Rule 26(f) Report.

[3] The Debtor previously filed a *Notice Of Motion And Motion To Dismiss Adversary Complaint Objecting To Discharge Under Section 727; And Memorandum Of Points And Authorities* (Docket No. 8)(the "Motion to Dismiss") on February 14, 2022, under Federal Rule of Civil Procedure ("Rule") 12(b)(6), applicable herein through Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012(b). The Trustee filed his *Response in Opposition to Motion to Dismiss* on February 28, 2022 (Docket No. 10)(the "Trustee's Response"). The Court entered its *Order Denying Debtor's Motion to Dismiss Adversary Complaint* on April 19, 2022 (Docket No. 13)(the "Order Denying Motion to Dismiss").

2

file certain required documents in his bankruptcy case as directed by the Court and to attend his Section 341(a) Meeting of Creditors that has been rescheduled several times. The Trustee asserts that the Debtor has refused to comply with the following Orders of this Court:

(1) *Order Setting Deadlines for Debtor to Correct Filing Deficiencies* entered on April 27, 2021 (Main Case Docket No. 6)(the "Deadline Order"), that directed the Debtor to file the Schedules, Statements, Disclosures, and Pay Advices as required under 11 U.S.C. § 521(a), which the Debtor had failed to do, by May 10, 2021 and the Statement of Intention required under 11 U.S.C. § 521(i)(collectively, the "Section 521 Required Documents") by May 26, 2021 (the "Section 521 Deadline"); and

(2) *Order Compelling Debtor to Perform his Duties and Cooperate with the Chapter 7 Trustee* entered July 9, 2021 (Main Case Docket No. 33)(the "Order Compelling Performance", collectively, with the Deadline Order, the "Orders"),[4] that required the Debtor to (a) file the Section 521 Required Documents within fourteen (14) days of the entry of the Order Compelling Performance, and (b) appear at the Section 341(a) Meeting of Creditors scheduled for July 28, 2021.

### *Standard of Review for Summary Judgment*

Summary judgment may be granted pursuant to Federal Rule of Civil Procedure 56, which is made applicable herein by Federal Rule of Bankruptcy Procedure 7056, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[4] The Court takes judicial notice of the Orders and the filing of other matters on this Court's docket. *See* Order Denying Motion to Dismiss.

3

matter of law." Fed.R.Civ.P. 56(a).  In deciding a motion for summary judgment, the court "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The initial burden of proving the absence of dispute as to any material fact rests with the moving party, here the Trustee.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In meeting this initial burden, the moving party must identify "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)(internal quotations omitted).[5]  Once the party moving for summary judgment has identified those materials demonstrating the absence of a genuine issue of material fact, the non-moving party cannot rest on mere denials or conclusory allegations, but must go beyond the pleadings and designate, through proper evidence such as by affidavits or personal knowledge or otherwise, specific facts showing the existence of a genuine issue for trial.  See Fed.R.Civ.P. 56(c) & (e); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 948-49 (11th Cir. 1993); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993).  All reasonable doubts should be resolved in favor of the non-moving

---

[5] On an issue where the burden of proof at trial will be borne by the non-moving party, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra*, 477 U.S. at 325, quoted in *Mandel v. Target Corp.*, 2013 WL 12084296, at *1 (S.D. Fla. Nov. 18, 2013). Similarly, "[w]hen the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways— by negating an essential element of the nonmovant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case." *Marshall v. Penland*, 2015 WL 1909915, at *2 (S.D. Ga. Apr. 27, 2015), citing *Coats & Clark, supra,* 929 F.2d at 606–08.

party, and "[i]f reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994)(citing *Mercantile Bank & Trust Co. v. Fidelity & Dep. Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

### *Facts*

The following facts are undisputed.[6] The Deadline Order, entered on April 27, 2021, was duly served on the Debtor at his residence address at 2984 Asteria Pointe, Duluth, Georgia 30097-5224 on April 29, 2021. *See* Trustee's Statement of Undisputed Facts, ¶¶ 4-5; Clerk's Certificate of Notice (Adversary Docket No. 9). The Debtor did not file the Section 521 Required Documents as required under 11 U.S.C. § 521(a) by May 10, 2021, or the Statement of Intention required under 11 U.S.C. § 521(i) by May 26, 2021, as directed by the Deadline Order. *See* Trustee's Statement of Undisputed Facts, ¶ 6; Trustee's Declaration, ¶ 3; Docket, *passim*.

The Debtor did not appear at his initial Section 341(a) Meeting of Creditors scheduled for May 25, 2021, or as rescheduled to June 16, 2021, or July 7, 2021. Trustee's Statement of Undisputed Facts, ¶ 7; Trustee's Declaration, ¶¶ 4, 6. The Order Compelling Performance, entered on July 9, 2021, was duly served on the Debtor at his residence address at 2984 Asteria Pointe, Duluth, Georgia 30097-5224 on July 11, 2021. *See* Trustee's Statement of Undisputed Facts, ¶ 9; Clerk's Certificate of Notice, Main Case Docket No. 36. The Debtor did not file the Section 521 Required Documents within fourteen (14) days of the entry of the Order Compelling Performance as directed and did not appear at the Section 341(a) Meeting of Creditors scheduled

---

[6] Under BLR 7056-1(a)(2), statements of material fact that are not controverted are deemed admitted.

for July 28, 2021, as also directed in the Order Compelling Performance. Trustee's Statement of Undisputed Facts, ¶¶ 10-11; Trustee's Declaration, ¶¶ 5-6; Docket, *passim*.

As of the date of the filing of the Trustee's Motion for Summary Judgment, the Debtor has neither filed nor provided to the Trustee any of the Section 521 Required Documents. Trustee's Statement of Undisputed Facts, ¶¶ 10 & 12; Trustee's Declaration, ¶¶ 5 & 7. Further, the Debtor has not appeared at any Section 341(a) Meeting of Creditors in this case, which has been reset fourteen (14) times since July 28, 2021, due to the Debtor's failure to appear, most recently reset from May 11, 2022 to June 1, 2022. Trustee's Statement of Undisputed Facts, ¶ 11; Trustee's Declaration, ¶ 6; Docket, *passim*.

The Debtor has failed to provide the Trustee any reason, justification, or defense to explain his continued failure to either file the Section 521 Required Documents or to attend a Section 341(a) Meeting of Creditors as directed by the Orders as entered in this case. In addition, the Debtor has offered no evidence to the Trustee that he is unable to file the Section 521 Required Documents or attend a Section 341(a) Meeting of Creditors, or that it is otherwise impossible for him to do so. Trustee's Statement of Undisputed Facts, ¶ 13; Trustee's Declaration, ¶ 8.

### *Discussion*

Under Section 727(a)(6), a creditor objecting to a debtor's discharge bears the initial burden of proof and must show as follows:

(a) The court shall grant the debtor a discharge, unless—

…

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify….

11 U.S.C. § 727(a)(6). A properly supported claim under Section 727(a)(6)(A) must allege sufficient facts to show that the debtor "willfully and intentionally refused to obey a court order." *Crowder v. Wilbur (In re Wilbur)*, 574 B.R. 782, 798–99 (Bankr. N.D. Ga. 2017)(quoting *The Cadle Co. v. Parks–Matos (In re Matos)*, 267 F. App'x 884, 886 (11th Cir. 2008))(citing *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 249 (4th Cir. 1994)). "'[A] mere failure to obey the order, resulting from inadvertence, mistake, or inability to comply, is insufficient'" to prove a refusal to obey as the plaintiff "'must demonstrate some degree of volition or willfulness on the part of the debtor.'" *Id.* This burden may be satisfied through evidence that the debtor received the order at issue but did not comply with its direction. *See Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 433 (4th Cir. 2008)(citations omitted). Once that is done, the debtor must then explain his failure to comply with the order. *Modi v. Virani (In re Virani)*, 574 B.R. 338, 368 (Bankr. N.D. Ga. 2017).

Here, although the Debtor was served with the Deadline Order and the Order Compelling Performance, he did not comply with their respective directions to file the Section 521 Required Documents as specified or appear at his Section 341(a) Meeting of Creditors as scheduled. The Debtor has not claimed he lacked knowledge of the Orders or that the Orders were unclear, and he

did not seek an extension. A chapter 7 trustee cannot properly administer a case without a reasonable opportunity to evaluate a debtor's assets, liabilities, and financial transactions. Under the Bankruptcy Code, a chapter 7 debtor receives extraordinary relief through a discharge of his obligations in return for a full and candid disclosure of this information. Unless the debtor provides the necessary records, documents, and statements as required and submits to examination by the trustee and creditors, a debtor has not satisfied his responsibilities and the investigation contemplated under the law is frustrated. *See generally In re Robson*, 154 B.R. 536, 540 (Bankr. E.D. Ark. 1993).

In this case, the Trustee has established on the undisputed facts of record that beyond a mere failure to comply, the Debtor has refused to provide the required information or sit for examination regarding his finances as directed. The Trustee having met his burden of proof, the Debtor must, in turn, offer evidence of his good faith efforts to comply with the Orders such as an excuse or justification explaining noncompliance. *See Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410-11 (Bankr. N.D. Ohio 1999). The Debtor, however, has not shown any basis in support of his good faith efforts to comply, and none is evident. In fact, it does not appear that he undertook any efforts whatsoever to comply with the Orders. The Debtor has not raised a genuine issue of material fact that he was somehow unable to do so or otherwise justified in failing to comply.[7] The record presented, therefore, is sufficient to establish as a matter of law that the

---

[7] The Debtor claimed in his Motion to Dismiss (p. 6) that the disobediences asserted by the Trustee constitute "orders to respond to material question[s] or to testify" such that he is excused from complying. As previously determined, however, the Court's direction to the Debtor to provide the Section 521 Required Documents directly relates to the Debtor's duties under the Bankruptcy Code to provide full disclosure of his financial affairs. Further, no ground of privilege has been claimed in connection with the direction to the Debtor to provide this information or attend his Section 341 Meeting of Creditors. *See* Order Denying Motion to Dismiss; *see also* 11 U.S.C. § 343.

Debtor has refused to obey lawful Orders of this Court in the case and that his discharge should, therefore, be denied under Section 727(a)(6).[8]

### *Conclusion*

In view of the foregoing, it is

**ORDERED** that the Trustee's Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED** that the Debtor's discharge is **DENIED** under 11 U.S.C. § 727(a)(6).

Judgment will be entered contemporaneously herewith.

The Clerk is directed to serve a copy of this Order upon the Debtor, the Chapter 7 Trustee, counsel for the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

---

[8] The Trustee cites instances from the Debtor's prior bankruptcy cases where he allegedly failed to perform his disclosure duties, though the Court concludes a sufficient basis for denying discharge is evident in this case.